UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tony G.,[1] | Case No. 2:22-cv-00312-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 12 & 13** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff Tony G.'s application for disability insurance benefits under Title II of the Social Security Act. On February 18, 2022, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned for an order under 28 U.S.C. § 636(c). *See* ECF No. 2. The Court reviewed Plaintiff's motion to remand (ECF No. 12), the Commissioner's cross-motion to affirm and response (ECF Nos. 13, 14), and Plaintiff's reply (ECF No. 15). For the reasons discussed below, the Court finds that the ALJ failed to support her decision to discredit Plaintiff's subjective symptom testimony with specific, clear, and convincing reasons and, as a result, it remands for further proceedings.

**I.     Procedural History**

On October 8, 2019, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging an onset date of January 1, 2019. ECF No. 10-1[2] at 206–09. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 120–24; 126–28.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] ECF No. 10 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 10)). All citations to the Administrative Record will use the CM/ECF page numbers.

A telephonic hearing was held before Administrative Law Judge ("ALJ") Kathleen Kadlec on August 11, 2021. *Id*. at 40–88. On September 8, 2021, ALJ Kadlec issued a decision finding that Plaintiff was not disabled. *Id*. at 17–34. On January 10, 2022, the Appeals Council denied review. *Id*. at 6–11. On February 18, 2022, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* Compl. (ECF No. 1).

**II.     Discussion**

    **1.     Standard of Review**

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id*.; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.     Disability Evaluation Process and the ALJ Decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Moreover, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R.

§ 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id*. § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If he can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). ECF No. 10-1 at 22–34.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2019, the alleged onset date. *Id*. at 22.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: diabetes mellitus with peripheral neuropathy; hearing loss; history of epilepsy; and osteoarthritis of the right shoulder, hands, feet, and right knee. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 24.

The ALJ then concluded that Plaintiff had the RFC to perform "light work" with the following limitations: He can lift and carry 20 pounds occasionally and 10 pounds frequently; stand for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; walk for 6 hours in an 8-hour workday; occasionally climb ramps and stairs; push and pull as much as he can lift and

carry; operate foot controls occasionally with the bilateral feet; operate hand controls frequently with the bilateral hands; occasionally reach overhead bilaterally and frequently reach in all other directions bilaterally; frequently handle, finger, and feel bilaterally; occasionally climb ramps and stairs; frequently balance; occasionally stoop, kneel, crouch, and crawl; occasionally work at unprotected heights; frequently work around moving mechanical parts; occasionally operate a motor vehicle; have occasional exposure to extreme heat, cold, and vibration; tolerate moderate noise; and never climb ladders, ropes, or scaffolds. *Id*. at 25.

At step four, the ALJ found that Plaintiff can perform past relevant work as a medical record administrator, manager, computer operations, and computer programmer. *Id*. at 32. The ALJ then concluded that Plaintiff was not under a disability at any time since January 1, 2019. *Id*. at 34.

    **3.    Analysis**

    **A.    Whether the ALJ provided specific, clear, and convincing reasons to discount Plaintiff's pain and symptom testimony**

The parties dispute whether the ALJ provided specific, clear, and convincing reasons in discounting Plaintiff's subjective symptom testimony. *Compare* ECF No. 12 at 14–15 *with* ECF No. 13 at 21–27.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). "The claimant is not required to show that h[is] impairment 'could reasonably be expected to cause the severity of the symptom [h]e has alleged; [h]e need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so."

*Id.* (citation and quotation omitted). *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. ECF No. 10-1 at 26. However, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.*

Because the ALJ concluded that Plaintiff is not malingering, she could reject Plaintiff's "testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and internal quotation marks omitted). Yet the ALJ's only cited reasons were that Plaintiff's pain and symptom testimony is "not entirely consistent with the medical evidence[,] other evidence in the record[,]" and his activities. ECF No. 10-1 at 26. The Court will address in turn each of these reasons. Notably, the Commissioner enumerates other reasons why the ALJ discounted Plaintiff's testimony. However, these are not reasons given by the ALJ, and the Court is bound to affirm an ALJ's decision based only on a ground the ALJ invoked. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *see also Brown-Hunter*, 806 F.3d at 494.

### 1. Inconsistency with other evidence in the record

The ALJ found that Plaintiff's pain and symptom testimony is "not entirely consistent

with the medical evidence and other evidence in the record for the reasons explained in this decision." ECF No. 10-1 at 26. The ALJ then provided a summary of the medical record.

The ALJ's conclusory statement finding Plaintiff's subjective symptom testimony inconsistent with "other evidence in the record" is not a sufficiently specific reason. This is because the Court cannot determine what "evidence" the ALJ is referencing, or what portion(s) of Plaintiff's testimony is inconsistent with this evidence. *See Brown-Hunter*, 806 F.3d at 494 (explaining that an ALJ's simple non-credibility conclusion coupled with a summary of the medical evidence supporting the RFC determination "is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited"). Moreover, although the ALJ summarized both Plaintiff's testimony at the hearing as well as the medical evidence, "she did not link that testimony to the particular parts of the record supporting her non-credibility determination." *Id.; see also Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("Although the ALJ did provide a relatively detailed overview of [the claimant's] medical history, 'providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.'") (quoting *Brown-Hunter*, 806 F.3d at 494) (emphasis in original).

In sum, because the ALJ merely provided vague assertions that Plaintiff's allegations were inconsistent with "other evidence in the record" and failed to identify which "other evidence" conflicted with which aspects of his pain and symptom testimony or how such evidence is inconsistent with his symptom testimony, the Court finds that the ALJ failed to provide a sufficient basis to find Plaintiff's allegations not entirely credible. *See Ghanim*, 763 F.3d at 1163 (internal quotation marks and citation omitted) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

//

### 2. Plaintiff's activities[3]

The ALJ discounted Plaintiff's pain and symptom testimony because he has "engaged in activities that are inconsistent with his alleged symptoms and limitations, such as travelling to the Philippines and Texas and taking care of his grandson." ECF No. 10-1 at 31.

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim*, 763 F.3d at 1165 (citations omitted). Here, however, the ALJ merely provided vague assertions that Plaintiff's allegations were inconsistent with his activities. For example, the ALJ failed to identify which of Plaintiff's one-time trips to the Philippines and Texas to visit family or a single reference to him taking care of his grandson conflicted with which aspects of his pain and symptom testimony. *See id.* at 1163 (internal quotation marks and citation omitted) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Nor did she explain how Plaintiff's activities were inconsistent with his symptom testimony.

The Commissioner is correct in arguing that "an ALJ is *not required* 'to perform a line-by-line exegesis of the claimant's testimony' and '[t]he ALJ's findings will be upheld 'if supported by inferences reasonably drawn from the record . . . .'" ECF No. 13 at 24 (emphasis in original) (citations omitted). But, here, the Court cannot determine whether the ALJ's findings can be supported by inferences reasonably drawn from the record because, as noted above, the ALJ failed to describe *how* or *why* Plaintiff's modest activities undermined his subjective

---

[3] The Commissioner argues that Plaintiff only challenged the ALJ's finding that Plaintiff's symptom testimony is inconsistent with the objective medical evidence. ECF No. 13 at 23, 26. Plaintiff does not address the Commissioner's argument in his reply. Although Plaintiff did not specifically reference the ALJ's discussion of his activities as being inconsistent with his testimony, he did argue that "[c]learly, the ALJ was concerned with the inconsistencies in the record" and that the ALJ had a duty to explain these discrepancies. ECF No. 12 at 15. The Court finds Plaintiff's argument sufficient to overcome waiver. Even if Plaintiff's argument lacked the requisite specificity, the Court finds that waiver would amount to a miscarriage of justice. *See Turner v. Berryhill*, 705 F. App'x 495, 497–98 (9th Cir. 2017) (quoting *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006)) ("There are three exceptions to this rule of waiver: (1) where 'review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process,' (2) where 'a new issue arises while appeal is pending because of a change in the law,' and (3) where 'the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed.'").

complaints. *See Thomas*, 278 F.3d at 958 ("If the ALJ finds that the claimant's testimony as to the severity of h[is] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.") (citation omitted). Put another way, the ALJ did not identify what parts of Plaintiff's testimony were not credible and why. Rather, she only generally implied that Plaintiff's alleged disabling limitations were inconsistent with his activities. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citation omitted).

Activities of daily living "may also be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007) (internal quotation marks and citation omitted). However, there is no indication here that the limited activities Plaintiff engaged in comprised a "substantial" portion of his day or were "transferrable" to a work environment. *See Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (recognizing that "many home activities may not be easily transferrable to a work environment"). This is because the ALJ failed to draw a connection between Plaintiff's reported activities, which included one-time trips to the Philippines and Texas, respectively, and taking care of his grandson,[4] and the ability to sustain work. The Ninth Circuit has made clear that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from h[is] credibility as to h[is] overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

---

[4] The ALJ cites to a single progress note from Plaintiff's acupuncture provider from June 2020 when referencing that Plaintiff takes care of his grandson: "Vet explained that he cannot come back to be treated at 1pm as he has to take care of his grandson." ECF No. 10-1 at 612. Neither the ALJ nor the progress note provides any additional information regarding this activity (e.g., whether it took place more than one time; the extent of the supervision; the age of the grandson).

1    Because the ALJ only generally noted that Plaintiff's reported activities are inconsistent
2    with his disabling limitations, the Court finds that the ALJ failed to provide a sufficient basis to
3    find Plaintiff's allegations not entirely credible.

### 3. Conservative treatment

The Commissioner argues that the ALJ properly discounted Plaintiff's symptom testimony because it was inconsistent with the conservative treatment he obtained. ECF No. 13 at 25. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)). However, the ALJ did not make this finding. Rather, she cited to Plaintiff's allegedly conservative treatment as reasons to discredit the crawling limitation provided by Dominick Addonizio, MD at the reconsideration level. ECF No. 10-1 at 30–31. As a result, the Court cannot affirm the ALJ's decision based on this reason cited by the Commissioner because, as noted earlier, it is bound to affirm the decision based only on a ground the ALJ invoked.[5] *See Connett*, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts."); *see also Brown-Hunter*, 806 F.3d at 494.[6]

### 4. Objective medical evidence

The ALJ discounted Plaintiff's subjective symptom testimony based on inconsistencies with the objective medical record. Inconsistency with the medical record can provide a clear and

---

[5] Similarly, the Court cannot affirm the ALJ's decision on grounds given by the Commissioner, including that Plaintiff's epilepsy and hearing loss were effectively controlled with medication and hearing aids, Plaintiff made inconsistent complaints about his hands, and Plaintiff did not use a cane despite one being prescribed. ECF No. 13 at 23. Although the ALJ discussed these issues, she did so in the context of assessing the medical opinions and prior administrative medical findings. Even if the Court could infer that the ALJ's general discussion of these issues related to Plaintiff's pain and symptom testimony, the ALJ failed to explain how or why these matters conflicted with what portion(s) of Plaintiff's pain and symptom testimony.

[6] Even if the ALJ were to have discounted Plaintiff's pain and symptom testimony because she found it inconsistent with Plaintiff's alleged conservative treatment, the ALJ also should have considered whether more aggressive treatments were available and appropriate:

> While evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007), an ALJ errs in relying on conservative treatment if the record does not reflect that more aggressive treatment options are appropriate or available.

*Cortes v. Colvin*, No. 2:15-CV-2277 (GJS), 2016 WL 1192638, at *4 (C.D. Cal. Mar. 28, 2016), *judgment entered*, No. 2:15-CV-2277-GJS, 2016 WL 1211363 (C.D. Cal. Mar. 28, 2016) (quoting *Lapeirre-Gutt v. Astrue*, 382 Fed. App'x 662, 664 (9th Cir. 2010)).

convincing basis for discounting a claimant's symptoms, so long as it is not the sole basis for doing so. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). As discussed above, the additional reasons given by the ALJ for discounting Plaintiff's symptom claims were not specific, clear, and convincing. Thus, because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate. *See id.*

### 5. Whether the ALJ's error is harmless

Having found that the ALJ erred by not providing specific, clear, and convincing reasons to discount Plaintiff's subjective symptom testimony, the Court must next determine whether this error is harmless.

An error is harmless only if it is "inconsequential to the ultimate nondisability determination" and if the court "can confidently conclude that no reasonable ALJ, when [not making the same error] could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006).

Here, because the ALJ did not provide enough "reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the Court cannot treat the error as harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014); *see also Brown-Hunter*, 806 F.3d at 494–95. Moreover, because another ALJ, crediting Plaintiff's symptom testimony, could have reached a different disability determination, this error was not harmless.

### B. Whether the RFC is supported by substantial evidence

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial evidence. ECF No. 12 at 6–14. The RFC assessment is dependent, in part, on Plaintiff's subjective symptom testimony. *See* 20 C.F.R. § 404.1545(a)(3); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) ("[T]he ALJ must take 'the claimant's subjective experiences of pain' into account when determining the RFC.") (citations omitted). Because the Court found that the ALJ erred in discounting Plaintiff's subjective symptom testimony and that this error is not harmless, the ALJ, on remand, also must reconsider the RFC determination.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 12) is GRANTED consistent with this Order.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and/or Remand (ECF Nos. 13, 14) is DENIED.

**IT IS FURTHER ORDERED** that, on remand, the ALJ must provide specific, clear, and convincing reasons for discounting any portion(s) of Plaintiff's subjective symptom testimony.

**IT IS FURTHER ORDERED** that, on remand, the ALJ must reconsider Plaintiff's RFC assessment.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of Plaintiff and close this case.

DATED: July 13, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE